[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Tommy Wellborn, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of robbery. For the following reasons, we affirm the trial court's judgment.
After he was indicted for robbery, Wellborn moved to suppress the victim's pretrial identification of him as the perpetrator of the offense. The trial court overruled that motion, and the case proceeded to a jury trial. At trial, Essie Thorn testified that, as she was returning home on the evening of January 12, 2000, she saw a person trotting toward her. As he passed her on the sidewalk, the person snatched her purse from her arm and fled. Thorn gave a description of the robber to the police.
The police prepared an array consisting of two sheets of photographs. When Thorn saw the first sheet of photographs, she selected a photograph of the person she believed to be the perpetrator. That photograph was not of Wellborn. The officer then cautioned her to review all of the photographs to ensure that she had chosen the correct person. Upon reviewing the second sheet of photographs, Thorn selected the photograph of Wellborn. She stated that she was certain that Wellborn was the perpetrator because of the distinct characteristics of his eyes. At trial, Thorn again identified Wellborn as the robber. The defense rested without presenting any evidence, and the jury returned a guilty verdict.
In his first assignment of error, Wellborn argues that the trial court erred in overruling his motion to suppress the pretrial identification. Specifically, he argues that the photographic array was impermissibly suggestive because the officer instructed Thorn to look at the remainder of the photographs after she had selected a person other than Wellborn. We are not persuaded.
Due process requires a court to suppress a pretrial identification of a suspect only if the identification procedure is unnecessarily suggestive of the suspect's guilt and the identification is unreliable under all the circumstances.[1] In the case at bar, we find no error in the trial court's overruling of the motion. The officer's admonition that Thorn review all of the photographs was a reasonable means of ensuring that she was certain that the person she chose was actually the perpetrator. The officer did not suggest that the person she selected was not the perpetrator and did not suggest that any of the other persons in the array were guilty of the offense. Thus, we cannot say that the court erred in holding that the procedure was not unduly suggestive. Moreover, the certainty with which Thorn ultimately selected Wellborn, the proximity in time between the offense and the identification, and the victim's opportunity to observe the suspect at the time of the offense all indicated that the identification was not unreliable under all of the circumstances.[2] The first assignment of error is overruled.
In his second and third assignments of error, respectively, Wellborn contends that the conviction was based upon insufficient evidence and that it was against the manifest weight of the evidence. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[3] To reverse a trial court's judgment on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[4]
The robbery statute, R.C. 2911.02(A)(3), provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [u]se or threaten the immediate use of force against another." In the case at bar, the robbery conviction was in accordance with the evidence. Thorn testified that Wellborn forcefully took her purse from her without her consent. She identified Wellborn as the perpetrator at the photographic lineup and again at trial. That evidence was sufficient to support the conviction. And although Wellborn cites alleged weaknesses in the state's evidence, such as Thorn's use of corrective lenses and her initial identification of a different person as the perpetrator, we cannot say that the jury lost its way and created a manifest miscarriage of justice in returning a verdict of guilty. The second and third assignments of error are accordingly overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Sundermann, JJ.
[1] Neil v. Biggers (1972), 409 U.S. 188, 198-199, 93 S.Ct. 375,382.
[2] Wellborn also argues that the trial court erroneously limited, at the suppression hearing, his examination into the circumstances surrounding the commission of the crime. He contends that further examination would have enabled him to establish that the identification was unreliable. We are not persuaded. The circumstances surrounding the offense, such as the lighting and Thorn's opportunity to observe the perpetrator, were adequately explored at the hearing. Moreover, under the two-part Biggers test, our holding that the identification procedure was not unduly suggestive renders moot Wellborn's argument concerning reliability.
[3] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819,825.
[4] State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541,546.